IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL EYSTER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1628-RGA |
| JAMES T. VAUGHN MEDICAL DEPARTMENT, | : |
| Defendant. | : |

Daniel Eyster, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 25, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Daniel Eyster, an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff alleges he has a serous life-threatening medical condition with his bowels and, for the past three years, his toilet problems have been ignored by Defendant VCC Medical Department. Plaintiff states that he needs to be seen by an outside specialist. Grievances attached to the complaint show that Plaintiff complained that his condition was not being treated properly. He seeks injunctive relief, one million dollars in compensatory damages, and release from prison.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

2

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment**. Plaintiff's claims against Defendant are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). Defendant falls under the umbrella of the Delaware Department of Correction, a state agency.

The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware

3

has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because Defendant is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Therefore, the Court will dismiss the claims against Defendant as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

**Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable

under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

As pled, the complaint fails to state an actionable constitutional claim. First, Plaintiff has not named a proper defendant. In addition, the allegations do not adequately describe Plaintiff's condition and/or what treatment, if any, he has received. Therefore, the § 1983 claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Since it appears plausible that Plaintiff may be able to articulate a § 1983 claim against an alternative defendant or defendants, he will be given an opportunity to amend his pleading.

**CONCLUSION**

For the above reasons, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted and because Defendant is immune from suit, pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.